## IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

**MARK CHARRON**                                                                **PLAINTIFF**

v.                                                           CAUSE NO. A2301-26-0018

FILED JAN 16 2026
KENDRA NECAISE
CIRCUIT CLERK, HANCOCK CO.

**SILVER SLIPPER CASINO VENTURE, LLC;**
**HANCOCK COUNTY, MISSISSIPPI;**
**ALLEN WEAVER**
**UNKNOWN JOHN AND JANE DOES A-Z**               **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT – SERVED WITH DISCOVERY

This is an action to recover actual and punitive damages for termination in violation of public policy. The following facts support the action:

1.

Plaintiff Mark Charron is an adult resident citizen of Wisconsin, who may be contacted through undersigned Counsel.

2.

Defendant Silver Slipper Casino Venture, LLC (hereinafter "Silver Slipper") has been and is now a corporation organized and existing under the laws of the State of Delaware, and may be served with process through its registered agent, Business Filings International, Inc., 645 Lakeland Drive E., Suite 101, Flowood, Mississippi 39232.

3.

Defendant Hancock County, Mississippi is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 152 Main Street, Bay St. Louis, MS 39520.

**EXHIBIT B**

Defendant Allen Weaver is/was a Hancock County Deputy at the time of the events complained of herein who may be served with process at 8450 Highway 90, Bay St. Louis, Mississippi 39520.

4.

Defendants designated as John and Jane Does A-Z are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiffs for the claims asserted herein. Plaintiff will amend his Complaint once the identities of the unknown Defendants are learned.

5.

This court has jurisdiction and venue is proper, because all Defendants are located in Hancock County in the state of Mississippi.

6.

The Defendant Silver Slipper is a foreign limited liability company authorized to do business in Hancock County, Mississippi. At all times mentioned herein the Defendant was the owner and operator of the Silver Slipper Casino gambling facility located in Bay Saint Louis, Mississippi.

7.

In early March of 2025, Charron traveled to Mississippi from out of state and chose to stay and spend his money at the Silver Slipper for several days. Charron also traveled with a

**EXHIBIT B**

camper trailer. For approximately 2 weeks, Charron's camper was parked on property without incident in the RV parking lot.

Charron had a 3 day reservation to stay in the Silver Slipper Hotel, and with the permission of Security Manager Glenn Smith, Charron parked his camper along the sea wall in the back lot and began his stay in the hotel, March 15, 2025. Charron was assigned room 512.

On March 16, 2025 Charron was contacted by a "Shannon" in guest services who rudely and loudly ordered Charron to move his camper, despite Charron having permission to park the camper in the back lot. Charron also spoke with a supervisor, Phong Nguyen, who declared that they outranked Mr. Smith and that the camper needed to be moved before noon on March 16, 2025. Mr. Charron complied and moved the camper.

Charron, with the assistance of an employee named Shue, moved his camper to another lot that was completely off Silver Slipper property. Charron went back to the hotel intending to enjoy the final days of his stay.

At approximately 12:30 am on March 17, 2025, Charron was awakened by loud pounding noises, screaming and hollering outside his door. Concerned, Charron questioned who was outside his door, and the response was "You need move that f**king camper out here or its going to be towed in about 5 minutes!" Confused, Charron responded by asking "what camper?" which was met by another hostile remark "The camper that YOU parked in our North lot!...You need to move that f**king thing or it will be towed!!"

Charron went to the door and saw a black male and black female. Charron told them that they had no idea what they were talking about because his camper was not on any casino property, and it was certainly not in the north lot. Charron then closed his door and tried to go back to bed.

EXHIBIT B

Within 30 seconds, the hotel employees began banging on the door and screaming. Charron got dressed and went to the door again. Charron told the employees that they were mistaken, because his camper was not in the north lot and his camper was not even on casino or hotel property. The employees continued yelling and screaming, and half asleep, Charron did tell the security guard that he was not very smart and needed to find a new job.

The staff continued to tell Charron that the camper would be towed, which Charron had no issue with because the camper was not his in the first place. The staff then told Charron "F**K YOU!!" as the employees walked down the hallway and ordered Charron not go back into his room.

More security guards then arrived in the hallway along with a purported "shift manager." The alleged shift manger then got in Charron's face, hollering at Charron and demanding that Charron move the camper. Charron began asking them to describe the camper so that he could be better explain that the camper did not belong to him, but the employees simply continued yelling and screaming.

Charron then told the staff to just tow the camper so he could go back to bed. This remark seemed to infuriate the staff. Charron was never told to leave the property.

8.

Apparently, at some point, hotel employees called the Hancock County Sheriff's department. 3 deputies showed up to the hallway around 1 a.m. including Defendant Allen Weaver.

Deputy Weaver approached and Charron extended a hand to greet the deputy, assuming that a trained law enforcement officer would be able to deescalate the situation and get the facts correct. Deputy Weaver refused the handshake and ordered Charron to "Pack your Sh*it and get

**EXHIBIT B**

out!" Deputy Weaver informed Charron that he was being trespassed, despite no person ever telling Charron to leave in the first place.

Charron attempted to explain what was going on and how the hotel/casino had made a huge mistake, but Deputy Weaver said that he "did not care" what was going on and that Charron needed to leave immediately.

Charron then began trying to collect all of his belongings in the hotel room, all while being harassed about hurrying up and getting out before he was arrested. At around 1:30 a.m. Charron began walking out of the hotel and casino, in what seemed to be a walk of shame. All the while being threatened with arrest. Deputy Weaver told Charron to shut up and be silent.

Once arriving at the front door, Deputy Weaver ordered Charron to get in his car and leave, to which Charron responded that he could not, because his truck was with the valet, which seemed to only infuriate Deputy Weaver more.

Once the valet brought the truck from the garage, Charron got in his truck to leave. While leaving the property, Charron saw a camper parked in a distant lot that was where the staff had talked about to Charron. This lot was not even owned by the Casino/Hotel, rather was open to the public. Charron veered into the public lot and stopped to video and photograph what appeared to be the "camper" discussed by the staff.

Charron, after a few seconds, pulled back onto the roadway headed away from the casino/hotel. While on South Beach Blvd, Charron was then stopped by Deputy Weaver, who then handcuffed Charron and placed Charron under arrest. Charron was then slammed against Deputy Weaver's car.

9.

EXHIBIT B

Charron was transported to the Hancock County jail, slammed into the jail door by Deputy Weaver, and booked for trespassing and strip searched, allegedly because of pulling into the public parking lot, which Deputy Weaver knew was not owned by the Casino/Hotel. All charges against Charron were dismissed.

10.

The Silver Slipper is vicariously liable for the actions of its employees. Its employees unlawfully and falsely detained Charron, before calling law enforcement. The employees harassed and berated Charron, even though Charron informed them that they were wrong.

Charron had contracted with the Silver Slipper and paid the Silver Slipper for a hotel room, and Charron expected the Silver Slipper to act in good faith and fulfill the terms of the agreement – a safe, quiet, and enjoyable stay. However, despite being paid for the room, the Silver Slipper and its staff maliciously and intentionally breached the contract by kicking Charron out of the hotel and ultimately causing Charron to be arrested. Of course, the Silver Slipper kept every dime of Charron's money. The Silver Slipper's actions constitute a breach of contract, breach of the duty of good faith and fair dealing, and malicious breach of contract.

Silver Slipper is liable for the negligence of its employees in falsely accusing Charron of wrongdoing, without investigation. The Silver Slipper is liable for its negligence in failing to train and supervise its employees to conduct any investigation before kicking guest off property and having the guest arrested.

Deputy Weaver is liable for the false arrest of Charron. Deputy Weaver knew that Charron was not on Silver Slipper property, and likewise, knew that Charron was cooperative in leaving the property once being told to leave. Deputy Weaver seemed more interested in

EXHIBIT B

impressing the Silver Slipper staff than in performing his duties under the constitution and Mississippi law. Deputy Weaver's actions violated Charron's right to be free from a false arrest.

Hancock County has apparently instituted a policy and procedure of threatening and arresting individuals without investigation if the issue is raised by the Silver Slipper. The County's actions evidence a reckless disregard to the rights and safety of persons in Hancock County.

## CLAIMS FOR RELEIF

11.

As a result of the unlawful and tortious actions of the Defendants, Charron has suffered pecuniary and non-pecuniary damages. Charron's name was listed online as being arrested. Charron was forced to hire an attorney to defend the criminal matter.

## PRAYER FOR RELIEF

Charron prays for actual, compensatory, pecuniary, non-pecuniary, special, and punitive damages in the amount to be determined by a jury and for reasonable attorney's fees.

THIS the 9 day of January, 2026.

Respectfully submitted,

**MARK CHARRON**

_____
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net

**EXHIBIT B**

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Hancock County

CHARON VS SILVER SLIPPER CASINO LLC

Case # A2301-26-0018    Acct #         Paid By CHECK 2192        Rct# 37742
---

| | |
|---|---:|
| CLERK'S FEES | 85.00 |
| JURY TAX | 3.00 |
| COURT REPORTERS FEE | 10.00 |
| LAW LIBRARY | 2.50 |
| COURT ADMINISTRATOR | 2.00 |
| STATE CT ED FUND | 2.00 |
| COURT CONSTITUENTS | .50 |
| ELECTRONIC COURT | 10.00 |
| LEGAL ASSISTANCE | 5.00 |
| JUDICIAL FUND-JUDGE RAISE | 40.00 |
| ARCHIVE FEE | 1.00 |

                                              ============
                                    Total  $     161.00
---

Payment received from DANIEL WAIDE
                     1300 HARDY STREET

                     HATTIESBURG      MS 39401

Transaction  64357 Received 1/16/2026 at 15: 8 Drawer   1 I.D. JASON

Current Balance Due         $0.00          Receipt Amount $     161.00


By _____/s/_____ D.C.  KENDRA NECAISE, Circuit Clerk


Case # A2301-26-0018    Acct #         Paid By CHECK 2192        Rct# 37742

EXHIBIT B