IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

MARK CHARRON                                                                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:26-cv-00042-HSO-BWR

SILVER SLIPPER CASINO VENTURE, LLC;
HANCOCK COUNTY, MISSISSIPPI;
ALLEN WEAVER
UNKNOWN JOHN AND JANE DOES A-Z                                                  DEFENDANTS

### DEFENDANTS HANCOCK COUNTY, MISSISSIPPI AND ALLEN WEAVER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S *COMPLAINT*

COME NOW, Defendants, Hancock County, Mississippi and Allen Weaver, by and through counsel, and pursuant to the Federal Rules of Civil Procedure, and file their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

I. **AFFIRMATIVE DEFENSES**

Defendants assert affirmative defenses to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted, and, therefore, the action should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12 (b)(6). Further, Defendants state that any assertion by Plaintiff that Defendants violated any constitutional right held by Plaintiff under any Amendment to the Constitution, including without limitation the 4th and 14th Amendments, fails to state a claim upon which relief can be granted, and must be dismissed, with prejudice.

1

## SECOND DEFENSE

*(Motion to Dismiss 42 U.S.C. § 1983 Claim)*

Defendant Allen Weaver is entitled to qualified immunity. Defendants pray for an early determination of this issue in the interest of judicial economy. Defendant Allen Weaver was at all times acting as a public official in the course of duties during the incident forming the basis of the lawsuit. Defendant Allen Weaver did not engage in any conduct, which deprived Plaintiff of any right, privilege or immunity protected by the Constitution or laws of the United States. Weaver's conduct was objectively reasonable in light of clearly established law at the time of his actions in this matter. Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and demonstrate that Officer Weaver's conduct was not objectively reasonable under the circumstances. Weaver's actions were justified and arguably justifiable in light of the information each possessed and clearly established law. As such, a reasonable officer could have believed his actions were lawful during the incident forming the basis of this lawsuit. Weaver acted without malice, in good faith and without reckless disregard and without intent to commit any injury to Plaintiff. Weaver is immune from liability. Hancock County is also not liable under 42 U.S.C. Section 1983.

## THIRD DEFENSE

Plaintiff's claims are barred because Defendants were not the proximate or efficient cause of Plaintiff's damages, if any. Plaintiff's alleged damages and injuries, if any, were caused or contributed to by the acts and/or omissions of

Plaintiff or other parties, entities or persons in which are not chargeable to Defendants.

## FOURTH DEFENSE

Plaintiff's claims are barred by unclean hands, accord and satisfaction, failure to fulfill conditions precedent, bankruptcy, release, estoppel, waiver, laches, other equitable doctrines, res judicata, collateral estoppel, claim preclusion, judgment or similar concepts, all applicable statutes of limitations, the American Rule, statute of frauds, lack of consideration, insufficient consideration, and/or failure of consideration, failure of performance, ratification, consent, affirmation, or acquiescence, payment, recoupment, double recovery, because Plaintiff has not suffered any damages, because of lack of a duty, because Defendants breached no duty owed, and Plaintiffs' failure to mitigate damages or act with reasonable care.

## FIFTH DEFENSE

Plaintiff's alleged injuries were not caused by a policy or custom of Hancock County, and as such there is no liability of Hancock County. Plaintiff's Complaint further fails to state facts against Defendants that would give rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## SIXTH DEFENSE

*(Motion to Dismiss Mississippi State Law Claims)*

To the extent Plaintiff presents claims under Mississippi law, Plaintiff's claims are barred by his failure to comply with the Mississippi Tort Claims Act ("MTCA"), Mississippi Code § 11-46-1, *et. seq.*, including without limitation its notice of claim requirements, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit, all limitations or caps on damages, and the lack of right to a jury trial. Specifically, as to the notice of claim requirement, Plaintiff failed to provide any notice of claim under the MTCA. Failure to comply with the MTCA notice of claim requirement is a jurisdictional defect requiring dismissal of any state law claim against Defendants. *Bunton v. King*, 995 So.2d 694, 696 (Miss. 2008). Further, no claim under state law is available against a government entity or its employees for either: (1) negligence by sworn law enforcement officers, or (2) failure to train, supervise, or discipline law enforcement officers. Miss. Code § 11-46-9 (1)(b), (c), (d), (e), (f), and (h). Further, insofar as state law claims are concerned, Defendants invoke each privilege, immunity, restriction, and/or limitation of the MTCA including, but not limited to, the provisions of Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, and 11-46-15. Defendant Weaver is also entitled to total immunity as an employee acting within the course and scope of his employment. Defendants pray for an early determination of these issues for judicial economy.

SEVENTH DEFENSE

Any alleged damages claimed by Plaintiff, if any, and such are denied, were not caused by Defendants, but were caused by and are solely the result of the deliberate and unlawful actions of Plaintiff, including but not limited to actions that were illegal in nature, in violation of the laws of the State of Mississippi and Hancock County, and/or that created a dangerous situation and a personal risk to Defendants as well as citizens of Hancock County, placing them in danger of imminent harm.

EIGHTH DEFENSE

Plaintiff's claims are barred by his failure to meet his burden of proof.

NINTH DEFENSE

Defendants are entitled to certain limitations of and protections from liability and damages as provided by law.

TENTH DEFENSE

Plaintiff lacks standing and capacity to sue.

ELEVENTH DEFENSE

Plaintiff's conduct and/or the conduct of third parties not employed by the Defendants was the sole cause of his alleged injuries and damages, if any; alternatively, Plaintiff's conduct was the proximate and efficient cause of the incidents forming the basis of this lawsuit. Defendants assert the protections of Mississippi's Apportionment Statute, Miss. Code § 85-5-7 and Miss. Code § 11-7-15. To the extent Plaintiff suffered injury as a result of the tortious act of one other

5

than Defendants, or as a result of his own fault, either Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiff would otherwise have been entitled must be reduced in accordance therewith.

## TWELFTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction, discharge in bankruptcy, duress, fraud, illegality, injury by a fellow servant, permit and license.

## THIRTEENTH DEFENSE

Defendants at all times acted in good faith and without malice, without reckless disregard, without deliberate indifference and are not guilty of any tortious conduct or omission. Defendants' actions were justified, lawful, proper, responsible, and were taken in good faith and in reliance upon existing law.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because the Court does not have jurisdiction over Plaintiff's claims.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred under the doctrines of ripeness and mootness, waiver and default.

## SIXTEENTH DEFENSE

Defendants assert and invoke all defenses available to them as set forth in Federal Rules of Civil Procedure 8 (c), 12 (b)(1) through 12 (b)(7), for which a good faith and/or factual basis exists or may in the future exist in their favor.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because he failed to fulfill conditions precedent to filing suit.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the immunity afforded to Defendants under Mississippi Code Section 11-46-9.

## NINETEENTH DEFENSE

Plaintiff's claims against Defendants are barred because they arise out of legislative or judicial action or inaction, or administrative action.

## TWENTIETH DEFENSE

Plaintiff's claims are barred because they arise from acts or omissions of Defendants or its employees exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform a statute, ordinance or regulation.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against Defendants are barred because Defendants' actions were not arbitrary, capricious, and violative of a statute or constitutional right of Plaintiff.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because they arise out of issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke a privilege, ticket, pass, permit, license, certificate, approval, order or similar authorization.

## TWENTY-THIRD DEFENSE

This Court lacks subject matter jurisdiction because Plaintiff has not suffered an injury and, therefore, lacks standing to bring his claim.

## TWENTY-FOURTH DEFENSE

This Court lacks jurisdiction because Plaintiff failed to bring his claim within the one-year statute of limitations under the Mississippi Tort Claims Act, Mississippi Code Section 11-46-11.

## TWENTY-FIFTH DEFENSE

Plaintiff is entitled to the limitation of liability of the Mississippi Tort Claims Act, Mississippi Code Section 11-46-15.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because Defendants are entitled to absolute or qualified immunity. No conduct of Defendants violated any established constitutional rights of Plaintiff. At all times, Defendants acted with objective reasonableness in light of the facts and circumstances presented to them.

## TWENTY-SEVENTH DEFENSE

Defendants did not breach any duty owed to Plaintiff, nor did they violate any right or privilege of Plaintiff, and, therefore, Defendants are not liable for any damages in this case.

## TWENTY-EIGHTH DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted because any duty of Defendants involved the use of discretion, and at no time did any governmental actor substantially exceed his or her authority, nor was there any legally cognizable harm to Plaintiff, caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are barred under the doctrine of public official immunity.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by release, estoppel, waiver, laches and/or other equitable doctrines.

## THIRTIETH DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause, and/or efficient superseding cause. Defendants are also not responsible for any condition of Plaintiff that preexisted the events that made the basis of the complaint.

## THIRTY-FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted in that Defendants did not act with deliberate and conscious indifference to Plaintiff.

Further, Defendants did not act with reckless disregard of the safety and well-being of Plaintiff. Further, Plaintiff was engaged in criminal activity.

## THIRTY-SECOND DEFENSE

At no time did any governmental actor of Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and, thus, Plaintiff's claims are barred.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred because Defendants are entitled to absolute or qualified immunity for claims related to implied terms or conditions of any term or contract.

## THIRTY-FOURTH DEFENSE

Defendants are entitled to immunity under Mississippi Code Section 11-46-3.

## THIRTY-FIFTH DEFENSE

*(Motion to Dismiss Claim for Punitive Damages)*

Punitive damages are not cognizable against Defendants in their official capacity under 42 U.S.C. § 1983. Plaintiff is also not entitled to recover punitive damages for any state law claim he asserts under Miss. Code § 11-46-15. Defendant further invokes the safeguards and protections of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of Miss. Code §§ 11-1-65 and 11-46-(2).

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred for its failure to plead with specificity and/or to file an adequately definite statement of his claims. To the extent Plaintiff presents a MTCA claim, he should be forced to amend to state so with specificity and include a definite statement of his claims.

## THIRTY-SEVENTH DEFENSE

Plaintiff's criminal conduct and acts, and/or the criminal conduct and acts of a third-party, constitute the sole proximate cause of any injuries Plaintiff allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, was not foreseeable to Defendants, and therefore, Plaintiff's claims as to Defendants should be dismissed.

## THIRTY-EIGHTH DEFENSE

Plaintiff's injuries, if any, are the direct proximate result of his own conduct for which he is responsible to the exclusion of Defendants, and Plaintiff's complaint should be dismissed.

## THIRTY-NINTH DEFENSE

Plaintiff failed to exercise reasonable care and failed to mitigate his damages.

## FOURTIETH DEFENSE

Plaintiff fails to comply with the pleading requirement of Rule 10 of the Federal Rules of Civil Procedure, which requires that numbered paragraphs of a complaint must each be limited as far as practicable to a single set of circumstances.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred because he has suffered no actual damages, and/or any injury is vague, speculative, remote, and not recoverable.

## FORTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of double recovery.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred because Defendants owed Plaintiff no duty, and committed no act or omission of a duty owed to Plaintiff.

## FORTY-FOURTH DEFENSE

Plaintiff's alleged damages and injuries, if any, were caused or contributed to by the acts and/or omissions of Plaintiff or other parties, entities or persons that are not chargeable to Defendants.

## FORTY-FIFTH DEFENSE

Punitive damages are not recoverable against these Defendants and same are affirmatively denied. Punitive damages cannot be justified in this case, and any claim for punitive damages against Defendants are in violation of the constitutional safeguards provided to the Defendants under the Constitutions of the State of Mississippi and the United States of America. Specifically:

    a.    Any imposition of punitive damages against Defendants in this case would violate the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 in the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest.

b. Any imposition of punitive damages against Defendants in this case would constitute an excessive fine in violation of Article 3, §28 of the Mississippi Constitution of 1890 and of the due process clauses of the Fourteenth Amendment of the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890.

c. Any imposition of punitive damages against Defendants this case based on wealth would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

d. No punitive assessment can be imposed against Defendants the absence of clear and convincing proof of punitive liability as required by the due process clause of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 and as further required by Mississippi common law.

e. Any award of punitive damages against Defendants in this case would be in violation of the procedural safeguards provided to Defendants under the Fourth, Fifth and Sixth Amendments to the United States Constitution in that punitive damages are penal in nature, and Defendants are entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

f. Any imposition of punitive damages against Defendants this case would unconstitutionally chill Defendants access to court and counsel in violation of substantive and procedural due process guarantees of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890, the First Amendment (to the United States Constitution) right to petition for redress of grievances, and the Mississippi Constitutional guarantees of Article 3, §24 (courts to remain open) and §25 (no one debarred from defending civil actions).

g. The Plaintiff's claims for punitive damages are governed by, and fail to comply with, the standards set forth by the United States Supreme Court.

## FORTY-SIXTH DEFENSE

Defendants further submit herewith videos of the incident related to

Plaintiff (Exhibit "A"), the copy of the incident report and executed affidavit of

trespass (Exhibit "B"), the affidavit of Defendant Weaver (Exhibit "C"), and the affidavit of Sheriff John Alison (Exhibit "D"), which demonstrate that Defendants are entitled to immunity and dismissal of Plaintiff's complaint.

## FORTY-SEVENTH DEFENSE

Defendants reserve the right to raise and assert additional affirmative defenses as they become apparent during the pendency of this cause of action.

## II. **DEFENDANTS' ANSWER**

COMES NOW, Defendants, Hancock County, Mississippi and Allen Weaver, and file their answer to Plaintiff's Complaint as follows:

1. Defendants state that the unnumbered paragraph beginning "[t]his is an action to recover…" is an introductory paragraph to which no answer is required. To the extent an answer is required, Defendants deny the allegations of that paragraph.

2. Defendants deny the allegations of paragraph 1 of the complaint as they lack sufficient information to admit or deny those allegations.

3. Defendants deny the allegations of paragraph 2 of the complaint as they lack sufficient information to admit or deny those allegations.

4. Defendants admit the allegations of paragraph 3 of the complaint that "Hancock County is a governmental entity organized and authorized by the laws of the State of Misssisippi." Defendants deny the remaining allegations as they call for a legal conclusion.

5. Defendants admit the allegations of paragraph 4 of the complaint that "Defendant Allen Weaver was a Hancock County Deputy at the time of the events complained of" by Plaintiff. Defendants deny the remaining allegations of the paragraph.

6. Defendants deny the allegations of paragraph 5 of the complaint.

7. Defendants deny the allegations of paragraph 6 of the complaint.

8. Defendants deny the allegations of paragraph 7 of the complaint and object to this paragraph as it improperly fails to comply with Rule 10 of the Federal Rules of Civil Procedure.

9. Defendants object to paragraph 8 of the complaint as it fails to comply with Rule 10 of the Federal Rules of Civil Procedure. Defendants admit that three officers of Defendants encountered Plaintiff in a hotel hallway, that Defendant Weaver informed Plaintiff that he was being trespassed, and that Defendant Weaver stopped and arrested Plaintiff for trespassing. Defendants deny the remaining allegations of the paragraph.

10. Defendants admit the allegations of paragraph 9 that Plaintiff "was transported to the Hancock County jail." Defendants deny the remaining allegations of the paragraph as stated.

11. Defendants object to paragraph 10 of the complaint as it fails to comply with Rule 10 of the Federal Rules of Civil Procedure. Defendants deny the allegations of paragraph 10.

12. Defendants deny the allegations of paragraph 11 of the complaint.

13. The unnumbered paragraph under the section "PRAYER FOR RELIEF" beginning "Charron prays for actual, compensatory, pecuniary, …" is a prayer for relief to which no answer is required. To the extent an answer is required, Defendants deny the allegations of that paragraph.

14. Except as expressly admitted herein, Defendants deny all allegations of Plaintiff's complaint.

Wherefore, Defendants, Hancock County, Mississippi and Allen Weaver, having answered and supplied their affirmative defenses, pray that the Court grant the following relief:

a. Dismiss Plaintiff's complaint, with prejudice, including, without limitation, based upon each of the aforesaid affirmative defenses;

b. Deny Plaintiff the relief he prays for in his complaint and deny him any relief whatsoever; and

c. Award Defendants attorneys' fees, costs, and expenses associated with defense of the instant action pursuant to Rule 11 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED on this the 19th day of February, 2026.

DEFENDANTS, HANCOCK COUNTY, MISSISSIPPI AND ALLEN WEAVER

By: */s/Gary M. Yarborough, Jr.*
Gary M. Yarborough, Jr. (MSB #102310)
YARBOROUGH LAW FIRM, PLLC
P.O. Box 4168
Bay Saint Louis, MS 39521
T. (228) 342-7987
E. gary@yarboroughlaw.co

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the above and foregoing upon Plaintiff's counsel via the Court's ECF system.

ON THIS the 19th day of February, 2026.

<i><u>/s/Gary M. Yarborough, Jr.</u></i>