IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

MARK CHARRON                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:26-cv-0042-HSO-BWR

SILVER SLIPPER CASINO VENTURE, LLC;
HANCOCK COUNTY, MISSISSIPPI;
ALLEN WEAVER
UNKNOWN JOHN AND JANE DOES A-Z                    DEFENDANTS


AFFIDAVIT

The undersigned, Allen Weaver, declares and states as follows:

1.      I am over the age of twenty-one and am qualified and competent to make this affidavit, and have personal knowledge of all matters set forth herein.

2.      On March 17, 2025, I was working as a deputy for the Hancock County, Mississippi's Sheriff's Department. On that date, I was part of a group of three (3) officers, who were dispatched to the Silver Slipper Casino ("Casino") in reference to Mark Charron ("Plaintiff") refusing to leave the Casino property after being trespassed.

3.      At the property, the other officers and I encountered Mark Charron outside of his hotel room. Casino employees were present throughout our encounter with Plaintiff. The Casino had notified Plaintiff that he was trespassed. Plaintiff was not cooperating in leaving the premises. I attempted numerous times to convince Plaintiff to leave the property due to him being trespassed by the Casino. Throughout the encounter with Plaintiff at the hotel, within the casino, and at the hotel valet area, Plaintiff repeatedly remained, stopped, delayed, and was otherwise uncooperative in leaving the premises. Ultimately, he again failed and refused to leave the premises after getting in his vehicle, by driving to and stopping in a parking lot of the Casino; this last failure of his to leave the property resulted in a Casino employee signing an affidavit for his

EXHIBIT C

1    arrest for trespass and remaining on the property.

2        4.    During the encounter with Plaintiff, the Casino employees and Plaintiff discussed
3
     a recreational vehicle parked in a parking lot. The Casino indicated that RV was in a parking lot
4
5    on the Casino's property. That parking lot is located between the Casino hotel building and a stop

6    sign at the junction of the Casino property and Beach Boulevard. Plaintiff was advised multiple

7    times that the Casino property extended to that stop sign, which was past the parking lot from the

8    Casino hotel building.

9        5.    After we convinced Plaintiff to leave the hotel, he packed his items, and the other
10
     officers and I escorted him out of the hotel building to its valet drive entrance for him to receive
11
12   his truck. Prior to Plaintiff getting in his vehicle, Casino staff read Plaintiff a notice of trespass,

13   which again notified him that he was trespassed. At this point, Plaintiff again repeatedly delayed

14   leaving the property. After he was read the notice of trespass, Plaintiff got in his vehicle.

15   Immediately prior to Plaintiff driving off from the valet, he was again informed that the parking

16   lot with the RV is within the Casino's property and that the Casino's property extended to the

17   stop sign.

18       6.    Plaintiff then drove from the valet stand to the parking lot on the Casino's
19
     property. There, he stopped his truck for a few moments, then placed his truck in reverse and sat
20
21   in the parking lot. He, thus, again failed to comply with the notice of trespass and remained on the

22   Casino's property. At this time, the other two officers and I were standing with Casino employees

23   at the Casino hotel entrance, and we all observed Plaintiff's conduct of again remaining on the

24   property and failing to leave.

25       7.    At that time, because Plaintiff again failed to promptly leave the property and
26
     remained in the parking lot, a Casino representative informed myself and the other two officers
27
28   that the Casino wanted Plaintiff arrested for trespass after warning and would sign the affidavit.

2

EXHIBIT C

After the Casino requested the arrest, myself and the other two officers returned to our vehicles to execute the arrest. Not until we drove from the valet stand did Plaintiff proceed to drive out of the Casino parking lot. We conducted a traffic stop for his arrest. At no time did I use any force or slam Plaintiff.

8.      I declare under penalty of perjury under the laws of the State of Mississippi that the above and foregoing is true and correct.

So declared on this the ___ day of February, 2026.

_____
ALLEN WEAVER

STATE OF MISSISSIPPI

COUNTY OF HANCOCK

Today appeared before me, the undersigned notary public, Allen Weaver, who after being duly and properly sworn, did swear, affirm and verify that the matters and facts stated in the above and foregoing Declaration are true and correct as provided herein.

SO SWORN on this the ___ day of February, 2026.

_____
NOTARY PUBLIC

My Commission Expires: March 26, 2029
(seal)

3

EXHIBIT C