IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARK CHARRON                                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:26cv42 HSO-BWR

SILVER SLIPPER CASINO VENTURE, LLC;
HANCOCK COUNTY, MISSISSIPPI; ALLEN
WEAVER; UNKNOWN JOHN AND JANE DOES A-Z                      DEFENDANTS

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

COMES NOW the Defendant, Silver Slipper Casino Venture, LLC ("Silver Slipper"), by and through their undersigned counsel, Currie Johnson & Myers, P.A., and file this Answer and Defenses to the Complaint filed by Mark Charron, and in answer thereto would show unto the Court the following, to wit:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint may fail to state a claim upon which relief can be granted and therefore should be dismissed with prejudice.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitation.

**THIRD AFFIRMATIVE DEFENSE**

This Defendant hereby pleads any and all defenses available and applicable pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**FOURTH AFFIRMATIVE DEFENSE**

All applicable statutes of limitations are hereby raised as defenses to the extent applicable.

## FIFTH AFFIRMATIVE DEFENSE

Money damages would constitute unjust enrichment of the Plaintiff herein.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant asserts the defense of probable cause. This Defendant and its employees acted in good faith and had probable or other legal or justifiable cause for any and all actions or omissions alleged against, undertaken or not undertaken by this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

At all times this Defendant and its employees acted in good faith with reasonable belief that their alleged actions or inactions were lawful.

## EIGHTH AFFIRMATIVE DEFENSE

At and during the time of the alleged incidents sued upon, Plaintiff was engaged in unlawful activities and/or unlawful conduct.

## NINTH AFFIRMATIVE DEFENSE

Affirmatively and alternatively, this Defendant would aver and show that the injuries and damages allegedly sustained by the Plaintiff as a result of the acts being complained of, the existence of any such injuries and damages being specifically denied, may have resulted solely and proximately from pre-existing disease, lesions or conditions of the Plaintiff for which the Defendants have no liability.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred under the doctrine of laches, waiver, and estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's injuries and/or damages, if any, were caused or contributed to by the negligence of the Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiff's injuries and/or damages, if any, were caused or contributed to by the intentional actions of the Plaintiff thereby constituting assumption of the risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was engaged in a civil disturbance at the time of the alleged incident or incidents sued upon, and Plaintiff's purported claims arise out of or result from such civil disturbances.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The damages sought might be outside the scope of the terms and conditions of any contract between these parties and not recoverable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff may have failed to mitigate his damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to establish any damages that may have resulted from any alleged breach by either party.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff' claims against this Defendant are barred to the extent they, at all times, acted appropriately and exercise the proper standard of care under the circumstances.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant is not liable due to intervening and superseding causes from actions or inactions of third parties whom this Defendant had no right or control and for whom Defendant had no liability.

## NINETEENTH AFFIRMATIVE DEFENSE

This Defendant asserts that if any injuries or damages alleged in the Complaint were incurred by the Plaintiff, which it denies, such injuries or damages were caused solely by or contributed to the acts or omissions of the Plaintiff or by others for whose acts this responding Defendant has no liability, vicarious or otherwise.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff may have been contributorily or comparatively negligent in his actions or inactions, and the Plaintiff's damages should be reduced accordingly.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Although denying that the Plaintiff is entitled to an award of punitive damages or any such extra-contractual relief whatsoever in this matter against it under state or federal law, this Defendant affirmatively states as follows:

1. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and § 14 of the Mississippi Constitution;

2. No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amounts of punitive damages awardable and/or in the alternative the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked;

3. An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of § 14 of the Mississippi Constitution;

4. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States; and

5. An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of § 28 of the Mississippi Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this case would deprive this Defendant of its property without due process of law and would deny this Defendant the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 3, Section 14 and Article 3, Section 24 of the Constitution of the State of Mississippi. Therefore, these claims should be dismissed.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this matter would constitute an imposition of an excessive fine in violation of Amendment VIII of the United States Constitution, prohibiting excessive fines, cruel and unusual punishments and Article 3, Section 28 of the Constitution of the State of Mississippi, prohibiting excessive fines.  Therefore, these claims should be dismissed.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this matter would violate the provisions of the Contract Clause of Article I, Section X, Clause 1 of the United State Constitution, prohibiting any law which impairs the obligation of contracts and Article 3, Section 16 of the Constitution of the State of Mississippi, prohibiting laws which impair the obligation of contracts. Therefore, these claims should be dismissed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims, or parts thereof, are barred by all acts or omissions that breached the contractual terms, both express and implied.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims for breach of contract are barred by the Plaintiff's bad faith repudiation of the contract prior to this Defendant's alleged breach.

**RESERVATION OF DEFENSES**

This responding Defendant is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter. However, contingent on the facts revealed by investigation and discovery, this responding Defendant expressly reserves its right to raise any additional defenses and affirmative defenses which may be applicable.

AND NOW, having affirmatively responded to the Complaint, this Defendant would respond to the Complaint paragraph by paragraph as follows:

I.

Upon information and belief, Paragraph 1 of Plaintiff's Complaint is hereby admitted.

II.

Paragraph 2 of Plaintiff's Complaint under the heading is hereby admitted.

III.

Upon information and belief, Paragraph 3 of Plaintiff's Complaint is hereby admitted

IV.

Paragraph 4 of Plaintiff's Complaint appears to be a paragraph listing unknown John Doe defendants. This paragraph is denied, and it is further denied that Silver Slipper or its employees are liable or committed any wrongdoing in this matter. It is further stated that the Complaint should be dismissed with prejudice.

V.

Paragraph 5 of Plaintiff's Complaint is hereby denied. Proper jurisdiction and venue is in the United State District Court for the Southern District of Mississippi, Southern Division.

VI.

Paragraph 6 of Plaintiff's Complaint is hereby admitted.

VII.

With respect to Paragraph 7 of this Complaint, this Defendant lacks sufficient information to admit or deny the allegations contained therein and hereby deny the same out of an abundance of caution and demand strict proof thereof. Further, this Defendant would deny any wrongdoing and further deny it is liable to the Plaintiff in any way or for any type of damages or any amounts of damages.

VIII.

With respect to Paragraph 8 of this Complaint, this Defendant would only admit that Plaintiff was trespassing and asked to leave and that its security personnel and/or other personnel that engaged with the Plaintiff were acting within the course and scope of their employment.

However, it is denied that any of its personnel acted wrongfully or were liable for any allegations contained in this Complaint, which are hereby denied.

IX.

With respect to Paragraph 9 of this Complaint, this Defendant lacks sufficient information to admit or deny the allegations contained therein and hereby deny the same out of an abundance of caution and demand strict proof thereof. Further, this Defendant would deny any wrongdoing and further deny it is liable to the Plaintiff in any way or for any type of damages or any amounts of damages.

X.

Paragraph 10 of Plaintiff's Complaint is hereby denied.

XI.

Paragraph 11 of Plaintiff's Complaint is hereby denied.

XII.

With respect to the last unnumbered paragraph titled "PRAYER FOR RELIEF", this paragraph is denied, and it is further denied that Plaintiff is entitled to any damages of any nature or any type whatsoever against this Defendant, and Defendant would move that this Complaint be dismissed with prejudice.

XIII.

Defendant reserves the right to raise any and all additional defenses which may prove applicable as discovery in this matter proceeds.

XIV.

Any allegation or averment contained in the Complaint which is not expressly admitted is hereby expressly denied.

XV.

AND NOW, having fully answered the Complaint, the Defendant, Silver Slipper Casino Venture, LLC., hereby denies all allegations in the Complaint, and further demand that the Complaint be dismissed with prejudice and that judgment be rendered in favor of this Defendant; and that this Defendant be awarded all costs and attorneys' fees associated with defending this case. Defendant requests such other relief as to which they may be entitled to under law or equity.

RESPECTFULLY SUBMITTED on this the 24th day of February, 2026.

                                          CURRIE JOHNSON & MYERS, P.A.
                                        Attorneys for Silver Slipper Casino Venture, LLC

                                        BY: */s/ J. Henry Ros*
                                                J. HENRY ROS (MSB 5668)

**CERTIFICATE OF SERVICE**

I, J. Henry Ros, do hereby certify that on the below referenced date the foregoing pleading was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

THIS this the 24th day of February, 2026.

/s/ J. Henry Ros
J. HENRY ROS

**J. HENRY ROS (MSB 5668)**
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
Email: hros@curriejohnson.com